W., Y. TEETZEL V. DAVIDSON BROTHERS MARBLE COMPANY.

FILED OCTOBER 5, 1905.  No. 13,921.

Sales: ACTION.  Certain goods shipped by the plaintiff to a bankrupt
    were stopped in transit.  An order upon the carrier was then
    given by the plaintiff's agent to the defendant, whereby defend-
    ant obtained the goods and used them in his business.  *Held*, that
    under the circumstances there was an implied contract upon his
    part to pay the plaintiff the fair market value of the goods, which
    could be enforced by an action on the contract.

ERROR to the district court for Douglas county:  IRVING
F. BAXTER, JUDGE.  *Affirmed.*

*B. F. Thomas* and *E. R. Duffie,* for plaintiff in error.

*Richard S. Horton, contra.*

LETTON, C.

This is an action for goods sold and delivered.  The
plaintiff is a corporation doing business in Chicago as a
wholesale marble dealer, and the defendant is in the marble
business in Council Bluffs.   In September, 1900, the plain-
tiff shipped to one W. E. Lewis, who was then in the
marble business in Council Bluffs, the goods the price of
which it is sought to recover.  Before the goods reached
Council Bluffs, Lewis failed and went into bankruptcy.
The goods were stopped in transit by the plaintiff, acting
through one Benjamin, an attorney of Council Bluffs.
While they were lying in the hands of the railroad com-
pany at Council Bluffs, together with two other shipments
made to Lewis at an earlier date, Benjamin testifies Teetzel
was at his office, and that he gave Teetzel copies of cer-
tain bills of goods he was notified were at the depot; that
Teetzel agreed to take the goods and pay for them, but the
price was not definitely agreed upon, and that he gave
Teetzel an order on the railroad company for the marble
shipped by plaintiff to Lewis.   Lewis testifies that Teetzel

37

paid the freight on all the marble shipped him, took it from
the railroad station and used it in his business, and that he
was with Teetzel and his employees when this was done.
Teetzel denies that he bought this shipment of marble. He
testifies that he did buy from Benjamin two other bills that
had been shipped to Lewis, and paid for those. He fur-
ther testifies that this lot of marble, or a part of it, was
taken to his place by his drayman Bridenberg; that his
men did some work on it under the direction of his fore-
man, but that this was done for Lewis; that the goods
were taken from the railroad company by Lewis, and
shipped out by him, and the work upon the marble paid
for by Lewis. Upon this conflicting evidence the jury
found for the plaintiff, and there is sufficient evidence to
support the verdict.

Error is assigned as to the exclusion of certain exhibits.
These exhibits all refer to the other two bills of goods shipped
to Lewis and taken and paid for by Teetzel. Teetzel testi-
fied that he bought and paid for these goods, and that they
did not include those the price of which is sued for in this
action, which is not disputed by the plaintiff. While the
admission of these papers might have been proper, yet the
defendant could not be prejudiced by their exclusion,
since there was no dispute over the matter they evidenced.

The instructions are complained of as being based upon
the theory that there was a contract of sale between the
parties, while no such contract was proved. The order
upon the railroad company given to Teetzel by Benjamin
was to deliver to him "the marble which was shipped by
Davidson Bros. Marble Company to W. E. Lewis." It is
admitted in defendant's brief that if Teetzel used this order
to obtain the goods the price of which is sued for, even if
they were not included in the contract of sale, he would
be liable for their value, but it is said, "not on a contract,
but in tort for a conversion." The plaintiff, however,
might waive the tort and sue upon the implied contract of
sale, which is what it has done in this case. When the
defendant obtained possession of the goods by virtue of the

order, there was an implied agreement upon his part to pay the plaintiff the reasonable and fair market value of the same. This value was proved at the trial, and upon this implied contract the instructions were based. We find nothing prejudicial to the defendant in the record, and recommend that the judgment of the district court be affirmed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.